UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA P.,[1]

                                     Plaintiff,                  Case # 23-CV-01314-FPG

v.                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                     Defendant.

## INTRODUCTION

Plaintiff Melissa P. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In November 2020, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 17. She alleged disability since November 23, 2019, due to her bipolar disorder, depression, anxiety, posttraumatic stress disorder ("PTSD"), irritable bowel

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

syndrome, fibromyalgia, arthritis, high blood pressure, herniated and bulging discs, and attention deficit disorder. Tr. 395. The applications were initially denied on April 15, 2021, and denied again upon reconsideration on June 2, 2021. Tr. 17. On April 22, 2022, and August 4, 2022, Administrative Law Judge Barbara Dunn ("the ALJ") held a hearing. Tr. 41–100. The ALJ considered the case *de novo* and issued a decision finding that Plaintiff was not disabled on November 28, 2022. Tr. 14. On October 30, 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

When there is medical evidence of Plaintiff's drug or alcohol abuse, the ALJ must also determine whether the claimant has the medically determinable impairment of Drug and Alcohol Addiction ("DAA"). *See* SSR 13-2p, 78 Fed. Reg. 11939 (Feb. 20, 2013). An ALJ undertaking this inquiry must first proceed through the usual five-step sequential evaluation to determine whether the claimant is disabled within the meaning of the Act. *See Bowen,* 476 U.S. at 470–71. The ALJ must conduct this initial inquiry "without segregating out any effects that might be due to substance use disorders." *Colbert v. Comm'r of Soc. Sec.*, No. 18-CV-702, 2019 WL 6648562, at *3 (W.D.N.Y. Dec. 6, 2019).

If the claimant is found to be disabled, then the ALJ must consider "whether the substance abuse is a contributing factor material to the determination of disability—that is, whether the claimant would still be found disabled if she stopped using drugs or alcohol." *Baker v. Saul*, No. 18-CV-6411L, 2020 WL 702517, at *1 (W.D.N.Y. Feb. 12, 2020) (internal quotation marks omitted). When determining the materiality of the DAA, the ALJ must use the bifurcated sequential analysis in Social Security Ruling 13-2p, which consists of six findings. SSR 13-2p, 78 Fed. Reg. at 11939. First, the ALJ must determine whether the claimant has DAA. *Id*. at 11941. If the ALJ finds that the claimant does, then the ALJ next must determine whether all of the claimant's impairments, including DAA, render her disabled. *Id.* If this analysis yields a finding that the claimant is disabled, then the ALJ must move to the third finding to determine whether DAA is the only impairment the claimant has. *Id.* If DAA is the only impairment, then the DAA is material, and the claimant is not disabled. *Id.*

However, if DAA is not the only impairment the claimant has, then the ALJ must move to the fourth finding to determine whether the other impairments are disabling by themselves, without considering DAA. *Id.* If the other impairments are not disabling by themselves, then the DAA is

4

material. *Id.* But if the other impairments are disabling by themselves, the ALJ must consider whether the DAA causes or affects the claimant's impairments for the fifth finding. *Id.* If DAA causes or affects the claimant's impairments, then in most cases, the ALJ must make the final finding to determine whether the other impairment(s) would improve to the point of nondisability in the absence of DAA. *Id.* If the ALJ determines that they would improve to the point of nondisability, the DAA is material, and the claim must be denied. *Id.* The claimant bears the burden of proving that her DAA is not a material factor in such claims. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123–25 (2d Cir. 2012).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, she found that Plaintiff had not engaged in substantial gainful activity since November 23, 2019. Tr. 20. At step two, she found that Plaintiff had severe impairments of "asthma; cervical and lumbar arthralgia; fibromyalgia; posttraumatic stress disorder (PTSD); bipolar disorder; depression; anxiety; [and] history of substance abuse." Tr. 20. Because Plaintiff's severe impairments included an impairment that is considered DAA, the ALJ conducted the DAA materiality analysis as well. At step three, the ALJ found that Plaintiff met the listing criteria of 12.04 when including DAA. Tr. 20. The ALJ also found that if Plaintiff stopped substance abuse, the remaining impairments would still be severe, but Plaintiff would not meet a listing. Tr. 22.

Next, the ALJ found that absent substance abuse, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with some exertional, manipulative, environmental, and mental restrictions. Tr. 25. Considering the RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including mail

clerk, maid, and cafeteria worker. Tr. 28. Accordingly, the ALJ found Plaintiff's DAA to be material. Thus, the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 29.

## II.   Analysis

Plaintiff's only argument is that remand is warranted because the ALJ's DAA materiality analysis relied on cherry-picked evidence that left the decision unsupported by substantial evidence. ECF No. 6-1 at 11. Specifically, Plaintiff argues that the ALJ's DAA analysis simply selected some moderate-sounding characterizations from periods of sobriety while failing to address periods when Plaintiff was sober but did not show evidence of symptom abatement. *Id.* at 13. This she argues is a mischaracterization of the record upon which the ALJ may not rely to meet the substantial evidence test. *Id.* She also argues that the ALJ's selective reading amounts to impermissible cherry-picking. *Id.* The Court disagrees.

First, the Court concludes that the ALJ did not mischaracterize the record. Plaintiff cites to evidence in the record that the ALJ did not explicitly discuss in her materiality analysis and argues that the ALJ's omission of this evidence—which Plaintiff contends is at odds with the ALJ's finding that Plaintiff's DAA was material—amounts to a mischaracterization of the record. *Id.* However, although she is "required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Brault*, 683 F.3d at 448 (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998)). Further, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.*

In this case, while the ALJ did not cite to every example given by Plaintiff, she did not mischaracterize the record by ignoring evidence that could have resulted in a different finding. For instance, in her DAA materiality analysis, the ALJ noted that Plaintiff reported symptoms

including "difficulty with sleep, sadness, tearfulness, neglect of hygiene, difficulty getting out of bed, poor appetite, general anxiety, worry, nervousness, restlessness, physical tension, intrusive memories of trauma, occasional nightmares, panic attacks, manic episodes, mood swings, shortterm memory problems and difficulty concentrating." Tr. 23. She also noted that Plaintiff "testified that she experienced mood swings and could not be around other people. She stated that she experienced manic episodes one to three times a month and then sleeps for … days." Tr. 25. Thus, the Court concludes that the ALJ considered and acknowledged evidence that could have supported a different finding and fully and fairly developed the record by summarizing that evidence in her decision. As such, she did not mischaracterize the record, but rather acknowledged and resolved conflicts to arrive at reasonable factual conclusions. Therefore, remand is not warranted on this ground.

Second, the Court finds Plaintiff's cherry-picking argument unpersuasive. Cherry-picking can be defined as "inappropriately crediting evidence that supports administrative conclusions while disregarding differing evidence from the same source." *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018). Cherry-picking can "indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both." *Id.* (quoting *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015)). Nevertheless, the mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). If an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

7

Here, the ALJ's conclusion that Plaintiff's DAA was material was reasonably supported by the record because the ALJ relied on Plaintiff's treatment records, the medical expert's opinion, and consultative opinions in coming to that conclusion. The ALJ found that without substance abuse, Plaintiff's impairments did not meet any of the listed impairments, and therefore her DAA was material. Tr. 22. To support this conclusion, the ALJ cited numerous examples from Plaintiff's treatment record, indicating that she had normal mental status examinations while sober. Tr. 22–23. As discussed above, while the ALJ ultimately came to the conclusion that Plaintiff's treatment records were generally normal, she acknowledged contrary evidence when coming to that conclusion. Tr. 23, 25.

The ALJ also relied on the opinion of medical expert, Dr. Efobi, in concluding that Plaintiff's DAA was material and adequately explained why she found his opinion persuasive. Tr. 23. Dr. Efobi opined that the severity of Plaintiff's impairments, without substance use, did not meet any listing criteria. *Id.* The ALJ found this opinion persuasive because it was "well supported by his testimony and consistent with treatment records and consultative examiner findings… showing many largely normal mental status examination findings and mostly mild and moderate limitations during periods when the claimant's substance use stopped." *Id*.

Finally, the ALJ relied on consultative opinions in making her decision and adequately explained why she found them only partially persuasive. First, she found the opinion from psychiatric consultative examiner, Dr. Ippolito, only partially persuasive due to Plaintiff's reported difficulties with focus and being around people and Dr. Ippolito's findings of some impairment in attention, concentration, and memory. Tr. 27. The ALJ reasoned that these difficulties and findings demonstrated greater limitations than those identified by Dr. Ippolito, and therefore she added more limitations to the RFC, including limitations to simple work and occasional interaction with

the public and co-workers. *Id.* Second, the ALJ found the opinions from state agency psychiatric consultants, Dr. Butler and Dr. Bhutwal, partially persuasive because the medical evidence suggested Plaintiff had greater limitations than their opinions suggested. Tr. 28. Consequently, the ALJ added limitations in the RFC to performing simple, routine work, with no detailed or complex instructions, and occasional contact with the public and co-workers. *Id.*

In sum, the Court finds Plaintiff's argument that the ALJ cherry-picked evidence to show greater improvement during Plaintiff's periods of sobriety than the record suggested unpersuasive, especially in light of the ALJ's reliance on Plaintiff's medical treatment records to add more limitations to the RFC than the consultative opinions suggested. Tr. 27–28. The Court concludes that the ALJ's decision was supported by substantial evidence because it relied on ample evidence in the record to support its conclusions. As the decision was supported by substantial evidence, remand is not warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 31, 2024
      Rochester, New York

                                                      HON. FRANK P. GERACI, JR.
                                                      United States District Judge
                                                      Western District of New York